**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOSEPH ROBINSON,

        Petitioner,                    Case Number 4:07-CV-14870

v.                                   HON.  STEPHEN J. MURPHY, III

HUGH WOLFENBARGER,

        Respondent.

_____/

**OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF**
**HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE**

      Joseph Robinson, ("Petitioner"), presently confined at the Lakeland Correctional Facility in Coldwater, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction of second-degree murder, MICH. COMP. LAWS § 750.317, felon in possession of a firearm, MICH. COMP. LAWS § 750.224f, and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b. Petitioner has now filed a motion to hold his petition in abeyance in order to return to the state courts and raise additional claims not included in his current habeas petition. For the reasons stated below, the Court will hold the petition in abeyance and will stay the proceedings to permit petitioner to return to state court to exhaust his additional claims. The Court will also administratively close the case.

**I.  BACKGROUND**

      Petitioner was convicted of the above enumerated offenses in the Wayne County Circuit Court.  Petitioner's conviction was affirmed on appeal. *People v. Robinson,* No.

246708 (Mich. Ct. App. June 10, 2004); *lv. den.* 472 Mich. 852, 691 N.W.2d 456 (2005). Pursuant to MCR. 6.500, *et. Seq.*, Petitioner filed a post-conviction motion for relief from judgment. This motion was subsequently denied, *People v. Robinson,* No. 02-001497 (Third Circuit Court, Criminal Division, June 6, 2006), and the Michigan Court of Appeals denied petitioner leave to appeal. *People v. Robinson,* No. 273666 (Mich. Ct. App. May 7, 2007); *lv. den.* 480 Mich. 858; 737 NW 2d 701 (2007).

On November 7, 2007, petitioner filed an application for habeas relief with this Court, in which he sought relief on three claims that were raised in his direct appeal with the Michigan courts. [1] On November 12, 2008, petitioner filed a letter requesting this Court hold his habeas petition in abeyance, so that he be allowed to return to the Wayne County Circuit Court to present newly discovered evidence in support of additional claims not included in his current habeas petition. Petitioner re-filed the same motion to hold his habeas petition in abeyance on January 22, 2009, attaching an affidavit of the recanting prosecutorial witness and witness statement.

## II.  DISCUSSION

A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *See Rhines v. Weber,* 544 U.S. 269, 273-4 (2005); *Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002). However, in order to stay federal proceedings and hold a habeas petition in abeyance pending resolution of state court proceedings, there must be good cause. *See Rhines,* 544 U.S. at 278; *Sitto v.*

---

[1]   Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on November 7, 2007, the date that it was signed and dated. *See Fugate v. Booker,* 321 F. Supp. 2d 857, 859, n. 2 (E.D. Mich. 2004).

2

*Bock,* 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002).

The Court is aware that petitioner has already filed one post-conviction motion in the Michigan courts. Under MCR 6.502(G)(1), a criminal defendant in Michigan can typically file only one motion for relief from judgment with regard to a criminal conviction. *See Banks v. Jackson,* 149 Fed. Appx. 414, 418 (6th Cir. 2005); *Hudson*, 68 F. Supp. 2d, 798, 800 (citing to *People v. Ambrose*, 459 Mich. 884; 587 N. W. 2d 282 (1998)). Pursuant to MCR 6.502(G)(2), however, a defendant may file a second or subsequent motion based a claim of new evidence that was not discovered before the first such motion. *See Banks,* 149 Fed. Appx. at 418; *Hudson,* 68 F. Supp. 2d at 800-01. Petitioner contends that he has newly discovered evidence in the form of a recanting prosecutorial witness. Because there is some likelihood that the Michigan courts might permit petitioner to file a second post-conviction motion for relief from judgment pursuant to the newly discovered evidence exception contained in MCR 6.502(G)(2), a procedural bar to petitioner filing such a second motion would be inappropriate. Therefore, this Court will grant petitioner a stay of proceedings to permit him to return to the state courts to attempt to exhaust this claim. *See Banks,* 149 Fed. Appx. at 419-20.

In the meantime, the Court will grant petitioner's motion to hold the petition in abeyance. In this case, the outright dismissal of petitioner's habeas petition, albeit without prejudice, might result in the preclusion of consideration of his claims by this Court if the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA) were exceeded before his claims were fully exhausted. *See* 28 U.S.C. § 2244(d)(1). Where, here, the original petition was timely filed but a second, exhausted, habeas petition would be time barred by the AEDPA's statute of limitations, a compelling

3

case is made for abating petitioner's habeas petition. *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002). The U.S. Supreme Court, in fact, has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations can file a "protective" petition in federal court, as petitioner did here, asking for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005)(citing *Rhines v. Weber,* 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

In his motion to hold his petition in abeyance, petitioner states that the new claim he wishes to exhaust in the state courts was not previously presented as a federal constitutional claim in the state courts because it involves the recanting of a prosecutorial witness which occurred more than a year after he finalized pursuing his state court remedies. Because any new claims that petitioner might wish to present to the state courts are based on this newly discovered evidence, petitioner has shown good cause for failing to raise these claims sooner. Furthermore, petitioner's claims do not appear plainly meritless nor does it appear that petitioner's request for abeyance is an "intentionally dilatory tactic[ ]."*Rhines*, 544 U.S. at 278.

However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278; *Hargrove,* 300 F. 3d at 720-21 . To ensure that there are no delays by petitioner in exhausting his state court

4

remedies, this Court will impose upon petitioner time limits within which he must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

Therefore, the Court will hold the present petition in abeyance. This tolling, however, is conditioned upon petitioner initiating his state post-conviction remedies within sixty days of this order and returning to federal court within sixty days of completing the exhaustion of his state court post-conviction remedies.

In order to properly exhaust these claims in the state courts, petitioner must file a motion for relief from judgment with the Wayne County Circuit Court pursuant to MCR 6.502. Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. MCR 6.509; MCR 7.203; M.C.R. 7.302. Petitioner, in fact, is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust the claims that he will be raising in his post-conviction motion. *Dombkowski v. Johnson,* 488 F.2d 68, 70 (6th Cir. 1973).

## III.  CONCLUSION

It is **ORDERED** that petitioner may file a motion for relief from judgment with the state court within **sixty (60) days of receipt of this Court's order.** If petitioner fails to file a motion for relief from judgment with the state courts by that date**,** the Court will dismiss his petition without prejudice.

If petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court. The case will then be held in abeyance

5

pending the petitioner's exhaustion of the claims.  Petitioner shall re-file a habeas petition within **sixty (60) days after the conclusion of the state court post-conviction proceedings**.  Petitioner is free at that time to file an amended habeas petition which contains the newly exhausted claims.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.


s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated:  April 20, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 20, 2009, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager